## STATE OF WEST VIRGINIA

### SUPREME COURT OF APPEALS

**FILED**
November 4, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**LANE INDUSTRIES INCORPORATED,**
**Claimant Below, Petitioner**

**vs.)    No. 15-0155** (BOR Appeal No. 2049614)
                     (Claim No. 2013005485)

**JOHNNY CLEGG,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Lane Industries Incorporated, by Daniel G. Murdock, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Johnny Clegg, by J. Marty Mazezka, his attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 15, 2015, in which the Board reversed a July 9, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges had affirmed the claims administrator's June 1, 2012, decision rejecting Mr. Clegg's application for workers' compensation benefits. The Board of Review vacated the Office of Judges' Order and held the claim compensable for cervical radiculopathy related to herniations and annular tears at the C4-5 and C5-6 discs. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Clegg was a heavy equipment operator for Lane Industries Incorporated. In August of 2012, Mr. Clegg filed an application for workers' compensation benefits alleging that on June 1, 2012, he injured his cervical spine when the dump truck he was driving hit a rail on the road. Mr. Clegg alleged that this caused him to lurch forward and hit his head on the windshield of the vehicle. Although Mr. Clegg continued to work after the injury, his neck pain grew increasingly

1

worse, and he eventually sought medical treatment for his injury at MedExpress. However, at the time, Mr. Clegg attributed his neck pain to a motor vehicle accident that occurred in 2001. He did not mention any work-related injury. On August 9, 2012, an MRI was taken of Mr. Clegg's neck which revealed large left paracentral disc herniations, radial tears, and cord compression at the C4-5 and C5-6 discs. Following this MRI, Mr. Clegg was treated by Steven Timms, M.D., who found that he had cervical radiculopathy. The claims administrator then rejected his application for workers' compensation benefits.[1] Following this denial, Mr. Clegg was treated by Ronald W. Hargraves, M.D. Dr. Hargraves found that Mr. Clegg had herniations at the C4-5 and C5-6 discs as well as moderate stenosis at the C4-5 and C5-6 discs. Mr. Clegg reported to him that he injured his neck when his head struck the windshield of his dump truck. Dr. Hargraves found that Mr. Clegg had not responded to conservative treatment and recommended that he undergo an anterior cervical surgery.

In January of 2013, Dr. Hargraves performed a microsurgical cervical discectomy at the C4-5 and C5-6 discs. Mr. Clegg then testified by deposition. He admitted that he had been in a motor vehicle accident in June of 2001 in which he sustained injuries to his back and neck. However, he testified that after several months of physical therapy he did not feel any ongoing pain from the accident. He also testified that he immediately reported his injury to one of his co-workers and his supervisor. Mr. Clegg stated that he did not experience an immediate onset of pain following the accident, but as he continued to work he noticed the pain in his neck. Dr. Hargraves then wrote a referral letter to Daniel W. Wilson, M.D., explaining the course of treatment Mr. Clegg had received. In the letter, Dr. Hargraves stated that he believed Mr. Clegg's need for the cervical surgery was brought about by the June 1, 2012, work-related injury. Dr. Hargraves also wrote a letter to Mr. Clegg's counsel. He noted that Mr. Clegg's medical history included a June 11, 2001, MRI taken immediately after his 2001 motor vehicle accident. Dr. Hargraves found that the MRI revealed herniations at the C4-5 and C5-6 discs. However, he stated that these herniations were relatively insignificant compared to the herniations present on the August 9, 2012, MRI. He repeated his determination that Mr. Clegg's need for the surgery was related to his June 1, 2012, work-related injury. Bill Hennessey, M.D., then evaluated Mr. Clegg. He believed that Mr. Clegg was not injured at work. Instead, he believed that Mr. Clegg's cervical spine herniations were related to his motor vehicle accident of 2001. He also compared the June 11, 2001, MRI with the one taken on August 9, 2012. He found that both MRIs showed similar cervical disc herniations at the C4-5 and C5-6 levels. Based on the MRI evidence, Dr. Hennessey concluded that Mr. Clegg was not injured at work and his cervical condition pre-existed the alleged date of injury. On July 9, 2014, the Office of Judges affirmed the claims administrator's decision. The Board of Review, however, reversed and vacated the Office of Judges' Order on January 15, 2015. The Board of Review held the claim compensable for cervical radiculopathy secondary to herniations and annular tears at the C4-5 and C5-6 discs, which lead Lane Industries Incorporated to appeal.

---

[1] The claims administrator's decision is dated June 1, 2012, but this appears to be an error considering it is the same date as the compensable injury is alleged to have occurred and Mr. Clegg had not yet filed his application for workers' compensation benefits. Mr. Clegg alleged in an affidavit that he was notified of the denial in August of 2012.

The Office of Judges concluded that Mr. Clegg did not suffer a compensable injury on June 1, 2012. The Office of Judges based this conclusion on the evaluation of Dr. Hennessey. The Office of Judges found that it was clear that Mr. Clegg had sustained a prior neck injury in 2001 and that the findings on the MRI taken on June 11, 2001, were similar to the findings of the MRI taken on August 9, 2012. It also found that there was no evidence immediately after the alleged date of injury that causally linked Mr. Clegg's cervical disc herniations with a compensable, work-related injury. It noted that Mr. Clegg did not receive treatment for neck pain until two months after the injury. It also noted that at that time he attributed his neck pain to his prior motor vehicle accident instead of a work-related injury.

The Board of Review concluded that the Office of Judges was clearly wrong in view of the evidence in the whole record and reversed its Order. The Board of Review held the claim compensable for cervical radiculopathy secondary to herniations and annular tears at the C4-5 and C5-6 discs.[2] The Board of Review found that the MRI taken on August 9, 2012, revealed more significant cervical problems than the MRI taken on June 11, 2001. The Board of Review determined that the Office of Judges should not have relied on Dr. Hennessey's opinion because he did not adequately consider the changes in Mr. Clegg's cervical conditions following the June 1, 2012, injury. The Board of Review also relied on the treatment notes of Dr. Hargraves.

We agree with the conclusions and findings of the Board of Review. Mr. Clegg has presented sufficient evidence to demonstrate that he suffered an injury to his cervical spine in the course of and resulting from his employment. The treatment notes from Dr. Timms and Dr. Hargraves show that Mr. Clegg has cervical radiculopathy which is related to his compensable injury. Mr. Clegg testified that he suffered a cervical injury on June 1, 2012, when his head hit the windshield of his dump truck. The evidence submitted into the record by Lane Industries Incorporated is not sufficient to refute his account. Although it is clear that Mr. Clegg has pre-existing cervical problems, including herniations at the C4-5 and C5-6 discs, a comparison of the MRIs in the record indicates that Mr. Clegg's cervical problems became more significant after the date of the compensable injury. Dr. Hargraves's opinion is sufficient to show that there is a causal connection between Mr. Clegg's current cervical problems and his work-related injury. The Board of Review was within its discretion in relying on his opinion. The Board of Review was also justified in disregarding Dr. Hennessey's opinion because it was not consistent with the remainder of the evidence in the record.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

---

[2] It is unclear from the Board of Review's decision whether the claim is held compensable exclusively for cervical radiculopathy or for cervical radiculopathy, annular tears, and herniations of the C4-5 and C5-6 discs.

**ISSUED:   November 4, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II